IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

FRANCISCO MERCADO HERNANDEZ
RUTH DALIA ALVAREZ MARTINEZ

DEBTORS
_____

FIRSTBANK PUERTO RICO

MOVANT
_____

CASE NO. 10-05197 (BKT)
CHAPTER 13

*OBJECTION TO CONFIRMATION OF PLAN*

TO THE HONORABLE COURT:

Comes now, FIRST BANK PUERTO RICO through its undersigned counsel and respectfully alleges and prays:

**A. JURISDICTION**

1. The jurisdiction of the Honorable Court is ascertained under Title 28 USC §1334, and venue under Title 28 USC §1408, and particularly regarding this matter under Title 11 USC §1322 and 1325, on Confirmation of Plan, and Title 11 USC §1326 on Payments.

**B. FACTUAL BACKGROUND**

2. On **June 14, 2010**, debtors filed the instant petition for relief. The Chapter 13 plan not dated, but filed on June 14, 2010, which has not been confirmed, proposed to pay **$509.00 x 60 months,** for the total base of **$30,504.00**, through the Chapter 13 Trustee. *See Docket 1 and 2.*

3. FirstBank Puerto Rico filed it's first Proof of Claim on **June 30, 2010**, for a secured lien claim on a duly registered conditional sales contract, regarding a **2007 Chevrolet HHR**, account no. **xxx-xx-xxxx4886,** for the amount of **$10,563.55.** *See, Bankruptcy Claims Register, Claim No. 2.*

4. FirstBank Puerto Rico filed it's second Proof of Claim on **June 30, 2010**, for a secured lien claim on a duly registered conditional sales contract, regarding a **2007 Chevrolet Cobalt**, account no. **xxx-xx-xxxx7175,** for the amount of **$7,523.05.** *See, Bankruptcy Claims Register, Claim No. 3.*

5. On the 341 Meeting of Creditors held on July 21, 2010, Debtors testified under oath that one of the vehicle subject to movant's security interest, the **2007 Chevy HHR** (Claim no. 2), was possessed and paid by a third party. FirstBank's first contention and ground for this Objection to Confirmation is that the proposed plan fails to comply with Section 1322(a)(1) and 1325(a)(5) since debtors have omitted to provide sufficient information in the plan to allow this creditor to ascertain whether or not its secured claim over the 2007 Chevy HHR (Claim no. 2) will be paid, or in the alternative if the automatic stay will be lifted in favor of movant.

6. On the other hand, and with regards to FirstBank's secured Claim no. 3, debtors testified under oath that they currently possess the 2007 Chevrolet Cobalt, and that they intend to keep and continue paying the same. Thus, the proposed plan provide for debtors to continue making regular monthly payments directly to movant. Debtors also testified under oath that the insurance coverage for this vehicle was renewed on a yearly basis. FirstBank's second contention and ground for this Objection to Confirmation is that the proposed plan fails to comply with Section 1326(a)(4) since debtors have failed to provide reasonable evidence of the maintenance of the required insurance coverage for this vehicle. As of this date, the insurance coverage for this vehicle will expire on December 11, 2010. The docket of this case does not reflect how debtors will provide insurance coverage for the vehicle. Movant's position is that if debtors will continue renewing the insurance coverage on a yearly basis, they should amend the plan to state so and budget such expense on their Schedule J. On the other hand, should they prefer to provide insurance coverage thru the Chapter 13 Trustee, they should amend their plan to also state it so, and provide movant with a copy of the insurance quote.

## C. LEGAL ARGUMENT

7. A Chapter 13 plan can be confirmed only if it meets the standards of Section 1325 of the Bankruptcy Code. The court is required to confirm a Chapter 13 plan only if: (1) the plan complies with the rest of Chapter 13 and the Bankruptcy Code; (2) the debtor has paid the necessary filing fee and any other fees imposed on Chapter 13

debtors; (3) the debtor's petition and the plan itself has been proposed in good faith and not by any means otherwise forbidden by law; (4) the plan is in the best interest of creditors and it pays them at least what they would have received had the debtor liquidated under Chapter 7; (5) it provides for secured creditors to receive at least the value of there collateral; (6) the plan is financially feasible; (7) the debtor is current on his support obligations; and (8) the debtor has filed any required Federal, State, and local income tax returns.

8. The Bankruptcy Code's criteria for treatment of secured claims are set forth in section 1325(a)(5), which was extensively amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, (BAPCPA 2005). For that confirmation standard to be met, with respect to each allowed secured claim provided for by the plan, (1) the holder of such claim must accept the plan, (2) the plan must provide that the holder of such claim retain the lien securing the claim and the value, as of the effective date of the plan, of any property to be distributed under the plan on account of the claim is not less than the amount of the claim, with the property distributed in equal monthly payments at least sufficient to provide adequate protection to the holder of such claim, *or* (3) the debtor surrenders to the holder of any such claim the property securing the claim. *See 8 Collier on Bankruptcy, ch. 1325 (Matthew Bender 15th ed. rev.).*

7. The proposed plan fails to comply with Section 1322(a)(1) and 1325(a)(5). Debtors have failed to provide sufficient information in the plan to allow movant to ascertain whether or not its secured claim no. 2, over the 2007 Chevrolet HHR will be paid, or in the alternative if the automatic stay will be lifted in favor of movant.

8. On the other hand, and with respect to the insurance coverage for FirstBank's secured claim no. 3, over the 2007 Chevrolet Cobalt, Section 1326(a)(4), added in 2005, provides that not later than 60 days of the filing of the case, a debtor who retains possession of personal property subject to a lease or securing a claim attributable in whole or in part to the purchase price of the property must provide lessor or secured

creditor reasonable evidence of maintenance of any required insurance coverage on the property and continue to do so for as long as the debtor retains possession of the property.

9. The maintenance of required insurance on vehicles is often considered a form of adequate protection and this provision seeks to shift the burden a creditor or lessor previously had of demanding proof of such adequate protection. (…) *See,* <u>Collier on Bankruptcy</u>,15th Ed.,1326.02 Mathew Bender (2007).

10. The purpose of obtaining insurance on the Vehicle is to protect the insured, in the event of damage or loss. "Essentially, any proceeds from such insurance serve as a substitute for the insured collateral." *In re Derickson,* 226 B.R. 879, 881-82 (Bankr.S.D.Ill.1998) (citing *In re Feher,* 202 B.R. 966, 970-71 (Bankr.S.D.Ill.1996); *See also In re Stevens,* 130 F.3d 1027, 1030 (11th Cir.1997) (insurance proceeds act as a substitute for the insured collateral); *In re Suter,* 181 B.R. 116, 120 (Bankr.N.D.Ala.1994) ("[f]rom a secured creditor's perspective, 433 property insurance is a substitute for the collateral insured")). Insurance proceeds that flow from destruction of the creditor's security interest serve as a replacement of that collateral in a different form.

Wherefore, and in view of the aforesaid, First Bank Puerto Rico, respectfully request from this Honorable Court that the Chapter 13 Plan not be confirmed until debtors clarify the specific treatment with regards to movant's secured claims.

In San Juan, Puerto Rico, the 13 day of August, 2010.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtors: **FRANCISCO MERCADO HERNANDEZ and RUTH DALIA ALVAREZ MARTINEZ,** at the address on record: PO BOX 830, VEGA BAJA, PUERTO RICO 00694; and to the authorized addresses through/by the Bankruptcy CM/ECF System to: Debtor's counsel, **JUAN O. CALDERON LITHGOW;** and to **ALEJANDRO OLIVERAS RIVERA,** Chapter 13 Trustee.

BY: **/s// MARISTELLA SANCHEZ RODRIGUEZ**
Maristella Sanchez Rodriguez, Esq.
Attorney for Movant- US 224714
MARIA M. BENABE-RIVERA, ESQ.
Attorney for Movant- US 208906
PO Box 9146, Santurce, PR 00908-0146
1519 Ponce de León Ave., 2nd Floor
Tel. (787) 729-8135, Fax (787) 729-8270
Email: maristella.sanchez@firstbankpr.com